UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK PICKRELL,

       Plaintiff,

                                       Civil Action 2:20-cv-5478

    v.                                Chief Judge Algenon L. Marbley
                                       Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Mark Pickrell's Application to Proceed *In Forma Pauperis*.  (ECF No. 1.)  For the reasons that follow, it is

**RECOMMENDED** that Plaintiff's Application be **DENIED.**

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339.  The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.*  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.*  Courts evaluating applications to

proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014). Courts also "consistently consider[] his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Levet v. Comm'r of Soc. Sec.*, No. 1:14-cv-1379, 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (internal quotation marks and citations omitted); *see also Reynolds v. Crawford*, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (collecting cases reflecting that "[t]he case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.")

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate his inability to pay. Rather, the application reflects that his household income for a family of two with no dependents is approximately $42,000.00 per year, which is attributable to his spouse's income. (Pl.'s Application, ECF No. 1, at p. 1.) This amount of yearly income places Plaintiff's income at more than twice the poverty level of income for a family of two.[1] *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where the Plaintiff's income was more than twice the federal poverty level). The application further reflects cash on hand in the amount of $7200.00, monthly expenses totaling approximately $1266.00 and assets of $2600.00 in stocks. (Pl.'s Application, ECF No. 1, at p. 2.) At a balance of $7200.00, Plaintiff's cash on hand is more than enough to pay the filing fee.

---

[1] A review of the 2020 Federal Poverty Guidelines available at aspe.hhs.gov indicates an income level of $17,240.00 for a 2-person household.

3

In short, this is not a case where the filing fee poses an undue hardship.  Rather, this is a case in which Plaintiff must "'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'" *Hines v. Comm'r of Soc. Sec. Admin.,* No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (quoting <u>Levet</u>, 2014 WL 3508893, at * 2 (quoting <u>Behmlander</u>, 2012 WL 5457466, at *2); *see also* <u>Brown v. Dinwiddie</u>, 280 Fed.Appx. 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in savings account and could thus afford the $455 filing fee for his appeal).

In view of Plaintiff's available income, the Undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.  Accordingly, it is **RECOMMENDED** that Plaintiff's Application be **DENIED.**  The Undersigned further notes that should Plaintiff succeed in this action, he may be entitled to reimbursement for the monies paid toward the $400 filing and administrative fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

4

and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date:    October 19, 2020                              /s/ *Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        UNITED STATES MAGISTRATE JUDGE